IN THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DENNIS THOMAS**                                                                                             **PLAINTIFF**

VS.                                                                                      CASE NO. 2:15cv2KS-MTP

**RICKY BARNETT**                                                               **DEFENDANT/CROSS-CLAIMANT**
**and DEERE & COMPANY**                                              **DEFENDANT/CROSS-DEFENDANT**

## NOTICE OF REMOVAL

1. Deere & Company ("Deere") is a defendant and cross-defendant in the case *Dennis Thomas v. Ricky Barnett and Deere & Company*, which was filed as Cause No. 114-0027 in the Circuit Court of the First Judicial District of Jasper County, Mississippi ("Action"). Deere hereby files this Notice of Removal to the U.S. District Court for the Southern District of Mississippi. Removal of this Action is proper under 28 U.S.C. § 1441(a).

### PARTIES

2. Plaintiff Dennis Thomas was at the time of filing his complaint and presently is a resident citizen of Jasper County, Mississippi.

3. The Cross-Claimant Ricky Barnett was at the time of Thomas filing his complaint and presently is a resident citizen of Jasper County, Mississippi.

4. Cross-Defendant Deere & Company was at the time of Thomas filing his complaint and presently is a nonresident corporation incorporated in the state of Delaware having its principal place of business in the state of Illinois.

### DESCRIPTION OF THE STATE-COURT ACTION TO BE REMOVED

5. On April 2, 2014, the Plaintiff initiated the Action in the Circuit Court of the First Judicial District of Jasper County, Mississippi. The Plaintiff filed a Complaint against the

Defendants Ricky Barnett and Deere & Company. A true and correct copy of this Complaint is attached hereto as Exhibit A.

4. In the Complaint, the Plaintiff alleged that Defendant Barnett borrowed his lawn mower, which was manufactured by Defendant Deere & Company and purchased by Plaintiff at the cost of approximately $4,000.00. The Plaintiff further alleged that Defendant Barnett, as a result of his own negligence, had an accident on the mower. Plaintiff alleges, among other things, that as a result of Barnett's negligence the lawn mower now smokes during operation; that he was required to borrow a mower to mow his yard; that the mower has subsequently lost value as a trade in; that as a result of the accident, the left arm rest of the mower was torn off and had to be replaced and that the grass catcher was torn off and had to be replaced.

5. In the Complaint, the Plaintiff brought claims of negligence and strict liability against Defendant Deere & Company On May 14, 2014, Defendant Deere & Company filed its Answer and Other Defenses to Plaintiff's Complaint ("Answer"). A true and correct copy of the Answer is attached hereto as Exhibit B. Deere's answer averred, among other things, that the Complaint failed to state a claim based on negligence or strict liability since such claims are barred by Mississippi's economic loss doctrine ["The economic loss doctrine bars recovery [for property damage] under theories of tort." *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384, 388 (Miss. Ct. App. 1999)]. Due to the $4,000 amount in controversy, Deere admits and alleges that the Plaintiff's original claims were not removable.

6. On May 13, 2014, Cross-Claimant Ricky Barnett filed his Answer to Plaintiff's Complaint and Cross-Claim against Defendant Deere & Company ("Cross Claim"). A true and correct copy of the Cross-Claim is attached hereto as Exhibit C. Said Cross-Claim was served on Deere & Company on May 14, 2014.

7. In the Cross-Claim, Barnett, a Mississippi resident, alleged that he suffered personal injuries as a result of operating the lawn mower manufactured by Deere & Company and asserted claims for strict liability and negligence against Cross-Defendant Deere & Company. Cross-Claimant Barnett alleged damages in excess of $100,000.00. Barnett asserted no counterclaim against the Plaintiff, Thomas.

8. On June 13, 2014, 30 days after being served with Barnett's cross-claim, Deere removed this action to federal court, invoking 28 U.S.C. §§ 1441(a) and the case was assigned Case Number 2:14-cv-00088-KS-MTP. Deere alleged that removal was proper under § 1441(a) because the amount in controversy exceeded $75,000 and the parties, when properly aligned according to their primary goals in this litigation, were completely diverse. Deere removed the case within 30 days of receiving notice of a removable claim.

9. On July 14, 2014 co-Defendant Barnett filed a motion to remand the case to the Circuit Court of Jasper County [Dkt. No. 5]. Earlier that same day, Plaintiff Thomas joined in the motion to remand [Dkt. No. 4]. Deere responded to the motion to remand and a hearing was held on September 19, 2014. Barnett argued that the motion to remand was proper because the parties should not be re-aligned. Barnett argued against realignment by claiming in his brief that there was an "actual and substantial controversy" between Thomas and Barnett [Dkt. No. 5 at page 5] and represented to the court at the hearing: "***Our interests are not aligned with his.*** He's suing us because he's saying that Ricky was negligent in operation. And if he wasn't, then this defective mower caused it, and all – the demise of his lawn mower, or -- of course, in our state, you know, you always have comparative negligence issues that are properly presented -- can be properly presented if the facts support it." Motion to Remand Hearing Transcript Exhibit D at 25:7-14. Following the hearing, on October 3, 2014 the Court issued a Memorandum Opinion

and Order [Dkt. No 12] and remanded the case to state court concluding that Deere had not presented sufficient evidence of collusion to justify realignment of the parties. The Court's opinion and order stated the following:

> Candidly, the undersigned judge has difficulty believing that an uncle would sue his paraplegic nephew over minor damage to a lawnmower. The Court also notes that this would not be the first time Thomas's counsel was involved in a collusive attempt to avoid federal jurisdiction. *See Gray*, 2012 U.S. Dist. LEXIS 614 at *16-*24. However, in *Gray* the removing party had a variety of circumstantial evidence indicating collusion and forum manipulation. *Id.* **Here, Deere has nothing but speculation and conjecture, and the Court must resolve "any jurisdictional doubt in favor of remand."** *Camsoft Data Sys. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 339 (5th Cir. 2014). Without more evidence indicating that Thomas's claim against Barnett is a sham or collusive act with the purpose of avoiding federal jurisdiction, the Court can not realign the parties. *See Walker*, 2006 U.S. Dist. LEXIS 78336 at *14-*15.

*Barnett v. Deere & Company*, Civil Action No. 2:14-cv-00088 Docket #12 at 6.

10. Following remand, on November 6, 2014 Deere propounded separate requests for production of documents on Plaintiff Barnett and Co-Defendant Thomas. Request number 2, propounded to Thomas requested him to produce: "2. All emails, correspondence or documents exchanged between you (or your attorney or your attorney's office) and Ricky Barnett ("Barnett") (or Barnett's attorney or Barnett's attorney's office)." Similarly, Request number 2 propounded to Barnett, requested the following: "2. All emails, correspondences or documents exchanged between you (or your attorney or your attorney's office) and Plaintiff ("Barnett" (or Plaintiff's attorney or Plaintiff's attorney's office)."

11. On December 4, 2014 Thomas responded to Deere's Request no. 2 by taking the following position: "ANSWER: Plaintiff objects, this request violates the attorney-client privilege under MRE 502. Further, this interrogatory is not focused or worded in a way that

I HEREBY CERTIFY that on January 15, 2015 a copy of the Notice of Removal was served upon the following attorneys via mail and electronic mail:

RANCE N. ULMER, ESQ.
Ulmer Law Office
141 N. Broadway
P.O. Box 1
Bay Springs, MS 39422
859-254-9351 phone
859-233-9769 fax
ranceulmer@ulmerlaw.ms
*Attorney for Plaintiff Dennis Thomas*

LARRY STAMPS, ESQ.
ANITA STAMPS, ESQ.
Stamps & Stamps
P.O. Box 2916
Jackson, MS 39207-2916
269 East Pearl Street
Jackson, MS 39201
601-354-4747 phone
*Attorneys for Defendant/Cross-Claimant Rickey Barnett*

JOHN GEHLHAUSEN, ESQ.
ROBERT J. INGRAHAM, ESQ.
22488 East Polk Drive
Aurora, CO 80016
303-690-8197 phone
jgehlhausen@tractorlaw.com
*Attorney for Defendant/Cross-Claimant Rickey Barnett*

MARC WEINGARTEN, ESQ.
Locks Law Firm
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-3444 phone
mweingarten@lockslaw.com

_____
Attorney

ButlerSnow 24172393v1

would be calculated to lead to discoverable/relevant information regarding any assertion in the complaint of the Plaintiff. Barnett's Responses to Deere's Requests For Production Exhibit E.

12. On December 16, 2014 Barnett responded to Request no 2 by taking the position that the documents requested were protected by the common interest privilege: "RESPONSE: Objection. Protected by the common interest doctrine of the work product and attorney client privileges. In addition, said documents reflect the opinions and theories of counsel." Barnett's Responses to Deere's Requests For Production Exhibit E.

## TIMELINESS OF REMOVAL

13. This notice of removal is timely filed under 28 U.S.C. § 1446(b). Cross-Defendant Deere & Company filed this notice of removal within thirty days of its receiving an "other paper" from which it could be determined that the case was removable. By asserting the common interest privilege on December 16, Barnett by his counsel admitted that there is no actual and substantial controversy between Thomas and Barnett and the parties are sharing opinions and theories of counsel. Barnett's December 16 discovery response asserting the common interest privilege is in and of itself sufficient evidence indicating that Thomas's claim against Barnett is a sham or collusive act with the purpose of avoiding federal jurisdiction. Barnett's December 16 discovery response, asserting the common interest privilege, constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable."

## JURISDICTION AND GROUNDS FOR REMOVAL

14. Removal is proper under 28 U.S.C. § 1441(a) because the parties were, as of April 2, 2014, and currently are, citizens of different States and because the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332.

15. The Cross-Defendant was, as of April 2, 2014, and currently is, completely diverse from the Plaintiff and the Cross-Claimant. Cross-Defendant was at the time Thomas filed his complaint and presently is a citizen of the States of Delaware and Illinois. The Plaintiff and the Cross-Claimant were at the time Thomas filed his complaint and presently are citizens of the State of Mississippi.

16. The Court may realign the parties because the interests of the Plaintiff are similar or identical to the interests of the Cross-Claimant, and the interests of the Plaintiff and the Cross-Claimant are adverse to the interests of the Cross-Defendant. Barnett has judicially admitted that his and Thomas interests are "common interests" and such admission is sufficient to realign the parties.

17. The amount in controversy exceeds $75,000 based on the value of the relief sought. The Cross-Claimant claims that the injuries allegedly caused by the lawn mower manufactured by Cross-Defendant Deere & Company are in excess of $100,000. The Plaintiff claims that he has suffered injury to his lawn mower, for which he paid approximately $4,000.

## VENUE

18. This notice of removal is properly filed in this District because the Circuit Court of the First Judicial District of Jasper County, Mississippi is located within the federal Southern District of Mississippi. Venue for this Notice is therefore proper under 28 U.S.C. §§ 104 and 1446 because the events giving rise to this action have occurred in Jasper County, Mississippi, which is within this federal judicial district.

## CONCLUSION

19. WHEREFORE, the Cross-Defendant Deere & Company prays that this Action be removed from the Circuit Court of the First Judicial District of Jasper County, Mississippi to the U.S. District Court for the Southern District of Mississippi.

20. In compliance with 28 U.S.C. § 1446(a), attached as Exhibits F is a certified copy of the complete state court pleadings in this action.

21. A notice of filing this notice of removal will be filed with the Clerk of the Circuit Court of the First Judicial District of Jasper County, Mississippi.

22. Written notice of the filing of this notice of removal is hereby given to the Plaintiff and the Cross-Claimant.

Respectfully submitted this the 15th day of January, 2015.

_____
Frank M. Holbrook (MS Bar No. 2500)
William P. Thomas (MS Bar No.102209 )
BUTLER SNOW LLP
Crescent Center, Suite 500
6075 Poplar Avenue
Memphis, TN  38119
Telephone:  (901) 680-7200
Facsimile:   (901) 680-7201
E mail: frank.holbrook@butlersnow.com
E mail: will.thomas@butlersnow.com
*Attorney for Defendant Deere & Co.*

MURPHY & ANDERSON, P.A.
NIELS P. MURPHY (admitted *pro hac vice*)
Florida Bar No.: 0065552
CHRISTEN E. LUIKART (admitted *pro hac vice*)
Florida Bar No.: 0021841
1501 San Marco Boulevard
Jacksonville, FL 32207
Telephone: (904) 598-9282
Facsimile: (904) 598-9283
Email: nmurphy@murphyandersonlaw.com