IN THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DENNIS THOMAS**                                                                                  **PLAINTIFF**

**VS.**                                                          **CASE NO. 2:15-cv-00002-KS-MTP**

**RICKY BARNETT**                                           **DEFENDANT/CROSS-CLAIMANT**
**and DEERE & COMPANY**                             **DEFENDANT/CROSS-DEFENDANT**

**DEERE & COMPANY'S MEMORANDUM OF AUTHORITIES IN SUPPORT
OF ITS MOTION FOR JURISDICTIONAL OR REMAND-RELATED DISCOVERY**

COMES NOW Deere & Company ("Deere") and submits this memorandum of authorities in support of their motion seeking limited jurisdictional or remand-related discovery and would show as follows:

### INTRODUCTION

Deere initially removed this matter on June 18, 2014. On July 14, 2014 Deere's co-defendant Ricky Barnett filed a motion to remand the case to which Plaintiff joined. On September 19, 2014 a hearing was held before this Court on the motion to remand. On October 3, 2014 this Court remanded this matter to Jasper County. This Court's remand opinion stated, "[c]andidly, the undersigned judge has difficulty believing that an uncle would sue his paraplegic nephew over minor damage to a lawnmower."

On January 15, 2015 Deere removed the matter for a second time because of newly discovered evidence of collusion. At the September 19, 2014 hearing on the motion to remand, counsel for Barnett (the injured nephew) made the following statement about Rance Ulmer (the attorney for the uncle), "his office and our office do not cooperate. We have no ties to each other, and he represents Dennis Thomas." See Hearing Transcript 17:11-12 Exhibit A. Now in

written discovery Barnett claims he and his uncle share a common interest privilege that protects communication between their attorneys. See Barnett's Responses to Deere's Requests for Production of Documents Exhibit B. Barnett's assertion of a common interest privilege is an admission that proves alignment of the parties is now proper. If the admission standing alone is insufficient to realign the parties, Deere should now be given an opportunity to conduct limited discovery.

## ARGUMENT & AUTHORITIES

The local rules of this Court permit remand related discovery. L.U.Civ.R.16 (b)(1)(B), provides that the filing of a remand motion does not stay discovery relevant to remand and referral issues:

> **(B)** A motion to remand or a motion to refer an action to the bankruptcy court will stay the attorney conference and disclosure requirements and all discovery not relevant to the remand or referral issue and will stay the parties' obligation to make disclosures pending the court's ruling on the motions. <u>At the time the remand motion or referral motion is filed, the movant shall submit to the magistrate judge an order granting the stay but permitting discovery concerning only the remand</u> or referral issue....

L.U.Civ.R.16(b)(1)(B) (emphasis added). No motion to remand has been filed but it is likely one will be filed based on the previous efforts to have this matter remanded.

When evidence of collusion is present it is proper to allow remand related discovery. *Joe v. Minn. Life Ins. Co.*, 257 F. Supp. 2d 845, 846 (S.D. Miss. 2003) (remand related discovery provided additional proof that parties had colluded in an effort to defeat diversity jurisdiction). The federal courts in Mississippi have routinely allowed remand related discovery to develop facts pertinent to jurisdiction. *Cartwright v. State Farm Mut. Auto. Ins. Co.*, 2014 U.S. Dist. LEXIS 169370 (N.D. Miss. Dec. 8, 2014)(permitting remand related discovery related to amount in controversy); *Sheffield v. J.T. Thorpe & Sons, Inc.*, 2014 U.S. Dist. LEXIS 114342 (Aug. 18,

2014)(allowing remand related discovery as to improper joinder arguments); *Garcia v. Premier Home Furnishings*, 2013 U.S. Dist. LEXIS 161067 *4 (S.D. Miss. Nov. 12, 2013)(allowing remand related discovery to determine if a party was an innocent seller). In *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005), the Fifth Circuit held:

> Moreover, neither the scope or the amount of [remand-related] discovery allowed by the magistrate judge was an abuse of discretion. As we noted in *B. Inc. v. Miller Brewing Co.,* "the defendants may submit affidavits and deposition transcripts; and in support of their motion to remand, the plaintiffs may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint." In *Smallwood,* we cautioned that "[d]iscovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." **This language sharply limits, but does not eliminate, discovery. To do so would deny all substance to the pierce-the-pleading option that we have repeatedly sanctioned**.

*Id.* (citations omitted) (emphasis added); see also *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005 (holding that a trial court "may allow limited remand-related discovery.").

A. *Deere should be allowed to conduct discovery on the alleged common interest privilege and the alignment of the parties' interests, including but not limited to any agreements concerning this case.*

Deere should be allowed to conduct limited discovery on the circumstances surrounding the common interest attorney client privilege allegedly existing between the attorneys for Barnett and Thomas and the alignment of the parties, including any agreements between the parties concerning this case. Following the remand of this matter to Jasper County Deere propounded a request for production of documents seeking, "[a]ll emails, correspondences or documents exchanged between you (or your attorney or your attorney's office) and Plaintiff (or Plaintiff's attorney or Plaintiff's attorney's office). Barnett's Response to Deere's Request For Production of Documents No. 2 Exhibit B. Barnett provided the following response: "**Objection.**

**Protected by the common interest doctrine of the work product and attorney client privileges. In addition, said documents reflect the opinions and theories of counsel.**" *Id.* Consequently, Barnett already has stated that the parties have shared documents that reflect the theories and opinions of counsel. Such statement establishes that the parties consider themselves aligned in this litigation and establishes a larger understanding that must exist between the parties.

> B. *Barnett's assertion of the common interest privilege contradicts Barnett's previous position.*

Barnett's assertion of the common interest privilege contradicts the statements of his counsel at the September 19, 2014 hearing which were as follows:

- his office and our office do not cooperate. We have no ties to each other, and he represents Dennis Thomas. Hearing Transcript 17:11-12

- This is not a situation where the attorneys, you know, huddled in a room deciding strategy. There is no such thing. Hearing Transcript 22:24 to 23:1.

- I can't get inside Mr. Ulmer's head to say why he filed the lawsuit. And I never talked to him. WE went out of our way not to talk to him after – especially after he was talking about realignment of the parties. Hearing Transcript 23:9-11

- Our interests are not aligned with his. Hearing Transcript 25:7-8

Now, after representing to the Court that their interests were not aligned, Barnett is claiming a common interest attorney client privilege. As previously argued by Deere the parties should be re-aligned for diversity purposes so that the "same ultimate interests in the outcome are on the same side." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1177-78 (5th Cir. 1984) (internal quotation marks omitted) *accord Zurn Indus., Inc. v. Acton Constr. Co., Inc.*, 847 F.2d 234, 237 (5th Cir. 1988) (holding that a district court's evaluation of diversity

must consider "the primary and controlling matter in dispute" (internal quotation marks omitted)). If the court concludes that the judicial admissions made by the parties in this action are per se insufficient to realign the parties, Deere should be given the opportunity to explore the newly claimed common interests between Barnett and Thomas and any agreements that exist between the parties.

## CONCLUSION

If this court concludes that the evidence provided by Deere is insufficient by itself to realign the parties, Deere should be allowed to conduct limited discovery on the circumstances surrounding the common interest attorney client privilege allegedly existing between the attorneys for Barnett and Thomas and the alignment of the parties, including any agreements between the parties concerning this case.

Respectfully submitted this the 16th day of January 2015.

/s/ Frank M. Holbrook
Frank M. Holbrook (MS Bar No. 2500)
William P. Thomas (MS Bar No.102209)
BUTLER SNOW LLP
Crescent Center, Suite 500
6075 Poplar Avenue
Memphis, TN  38119
Telephone:  (901) 680-7200
Facsimile:   (901) 680-7201
E mail: frank.holbrook@butlersnow.com
E mail: will.thomas@butlersnow.com
*Attorney for Defendant Deere & Co.*

MURPHY & ANDERSON, P.A.
NIELS P. MURPHY (admitted *pro hac vice*)
Florida Bar No.: 0065552
CHRISTEN E. LUIKART (admitted *pro hac vice*)
Florida Bar No.: 0021841
1501 San Marco Boulevard
Jacksonville, FL 32207
Telephone: (904) 598-9282
Facsimile: (904) 598-9283
Email: nmurphy@murphyandersonlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2015 a copy of the Deere & Company's Memorandum of Authorities in Support of its Motion for Jurisdictional or Remand-Related Discovery was served upon the following attorneys via mail and electronic mail:

RANCE N. ULMER, ESQ.
Ulmer Law Office
141 N. Broadway
P.O. Box 1
Bay Springs, MS  39422
859-254-9351 phone
859-233-9769 fax
ranceulmer@ulmerlaw.ms

*Attorney for Plaintiff Dennis Thomas*

MARC WEINGARTEN, ESQ.
Locks Law Firm
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-3444 phone
mweingarten@lockslaw.com

*Attorney for Plaintiff Dennis Thomas*

JOHN GEHLHAUSEN, ESQ.
ROBERT J. INGRAHAM, ESQ.
22488 East Polk Drive
Aurora, CO  80016
303-690-8197 phone
jgehlhausen@tractorlaw.com

*Attorney for Defendant/Cross-Claimant Rickey Barnett*

LARRY STAMPS, ESQ.
ANITA STAMPS, ESQ.
Stamps & Stamps
P.O. Box 2916
Jackson, MS  39207-2916
269 East Pearl Street
Jackson, MS  39201
601-354-4747 phone

*Attorneys for Defendant/Cross-Claimant Rickey Barnett*

    */s/ Frank M. Holbrook*
    Frank M. Holbrook

ButlerSnow 24198138v1