IN THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DENNIS THOMAS**                                                                                          **PLAINTIFF**

**VS.**                                                                       **CASE NO. 2:15-cv-00002-KS-MTP**

**RICKY BARNETT**                                                    **DEFENDANT/CROSS-CLAIMANT**
**and DEERE & COMPANY**                                       **DEFENDANT/CROSS-DEFENDANT**

### DEERE & COMPANY'S MEMORANDUM OF AUTHORITIES
### IN SUPPORT OF ITS MOTION TO SEVER CLAIMS OF DENNIS THOMAS

COMES NOW Deere & Company ("Deere") and submits this memorandum of authorities in support of its motion to sever the claims of Dennis Thomas from the claims of Ricky Barnett:

### INTRODUCTION

This is a case involving very different claims that are not properly joined. Dennis Thomas' claims involve a lawn mower that suffered damage[1] to while Ricky Barnett's claims involve serious personal injury[2]. The property damage claims should be severed from the personal injury claims and remanded to Jasper County.

### ARGUMENT & AUTHORITIES

Joinder of multiple parties is allowed only where, "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, all defendants will arise in the action." MISS. R. CIV. P. 20(a).[3] Thus, for Dennis Thomas' claims against Deere and Ricky Barnett to be properly joined, "the 'same transaction, occurrence, or series of transactions or occurrences,' and the 'any question of law or fact common

---

[1] The lawn mower smokes (complaint at ¶8.1), the left arm rest of the lawn mower was torn off and had to be replaced (¶8.5) and the grass catcher was torn off and needs replacing (¶8.6)
[2] Mr. Barnett is partially paralyzed from the accident. (Counterclaim at ¶11)
[3] This Court should look to the Mississippi Rules of Civil Procedure when determining whether the plaintiff's claims were properly joined under state law at the time of removal. *Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp. 2d 499, 517 (S.D. Miss. 2008).

to all' prongs must be met." *Palermo v. Letourneau Technologies, Inc.*, 542 F. Supp.2d 499, 517-18 (S.D. Miss. 2008). Moreover, the rule presupposes that there is in fact a viable claim to made against one of the codefendants. Where both of these requirements are not met, the Court should sever the separate claims. MISS. R. CIV. P. 21. Where these requirements are not met, there is misjoinder and the Court, pursuant to Rule 21, may sever the claims against certain parties and litigate them separately. *Id. See also Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("Rule 20 requires that all of the plaintiffs' claims arise out of the same transaction or occurrence and that there is a common issue of fact or law.").

In *Cartwright v. State Farm Mutual Automobile Insurance Company*, the plaintiff was injured in a car accident and sued her own insurance company for denying her insurance claim, and she also sued (as a defendant in the same suit) the driver of the car she was riding in as a passenger at the time of the accident. 2014 U.S. Dist. LEXIS 169370. The court found the car wreck claim was improperly joined with the insurance dispute that arose out of the car wreck. *Id.* The court severed the car wreck claims, remanded the car wreck claims to Bolivar County, and retained jurisdiction over the insurance dispute. *Id.*

Here the Court should use its discretion to sever the property damage claims and remand the property damage claims to Jasper County and retain jurisdiction over the personal injury product liability claims. There are no legal claims that overlap. Thomas has no viable claim against Deere because the economic loss doctrine bars all claims except any warranty claim. Thomas has not asserted a warranty claim likely because any such claim would be barred by the statute of limitations. Thus, the only viable claim Thomas has is against his paralyzed nephew for damage to the lawn mower. The only other viable claim is Barnett's claims against Deere for product liability. These claims do not overlap at all.

Barnett's claims will require expensive expert testimony addressing product design issues. Thomas' claims against his nephew will deal only with the improper and negligent operation of the lawn mower. The two viable claims in the case have very different economic realities. The maximum Thomas can recover is the value of the lawn mower, which is no more than $4,000. According to Barnett he has already incurred $100,000 in medical expenses and will likely seek recovery for future medical expenses and the loss of the ability to earn income. Barnett's claims will likely involve medical experts, life care planners, accident reconstructionist, and product design experts, while Thomas' claim will not require an expert. Thomas' claim can be tried in a half of a day while the product liability claims could last two (2) weeks. These cases simply do not belong in a consolidated proceeding; the Court has the discretion under Rule 21 to separate the claims.

The only commonality in the property damage claims and the personal injury claims is that they arise from the same accident. The Mississippi Supreme Court explained in *Hegwood* that negligence claims against a defendant driver and breach of contract and bad faith claims against a liability insurer, while arising out of the same accident, "involve different factual issues and different legal issues." *Hegwood* v. Williamson, 949 So. 2d 728, 731 (Miss. 2007) ("The car accident raises fact issues of how the accident occurred and legal issues of simple negligence .... The breach of contract and bad faith claims raise fact issues of ... how [the insurance adjusters] made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate.").

### *Severance is not dismissal*

Rule 21 allows a district court "on motion or on its own, . . . [to] at any time, on just terms, add or drop a party" and "also sever any claim against a party." FED. R. Civ. P. 21. The Fifth

Circuit has stated:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). *See also Vander Zee v. Reno*, 73 F.3d 1365, 1368 n.5 (5th Cir. 1996). Therefore a determination to sever Thomas' property damage claim will create a separate cause of action that may proceed in Jasper County. Dennis Thomas will be allowed to proceed in Jasper County against both Deere and Barnett.

## CONCLUSION

The Court has the discretion to separate claims that are not properly joined. The property damage claim here should not be joined with the complex personal injury and product liability claims. Severing the personal property damage claims would benefit Dennis Thomas because he will not be forced to litigate his $4,000 claim as if it were a complex product liability claim. Under these circumstances, if Thomas opposes severance it is strong evidence that he is colluding with Barnett to manipulate the forum.

WHEREFORE, PREMISES CONSIDERED, Defendant, Deere, respectfully requests that this Honorable Court enter an Order severing the claims of Dennis Thomas from the claims asserted by Ricky Barnett and remanding the Dennis Thomas case to proceed separately in the Circuit Court of Jasper County while retaining jurisdiction over the claims asserted by Ricky Barnett.

Respectfully submitted this the 10th day of March 2015.

/s/ Frank M. Holbrook
Frank M. Holbrook (MS Bar No. 2500)
William P. Thomas (MS Bar No.102209)

BUTLER SNOW LLP
Crescent Center, Suite 500
6075 Poplar Avenue
Memphis, TN  38119
Telephone:  (901) 680-7200
Facsimile:   (901) 680-7201
E mail: frank.holbrook@butlersnow.com
E mail: will.thomas@butlersnow.com
*Attorney for Defendant Deere & Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2015 a copy of the Deere & Company's Memorandum of Authorities in Support of its Motion for to Sever was served upon the following attorneys via mail and electronic mail:

RANCE N. ULMER, ESQ.
Ulmer Law Office
141 N. Broadway
P.O. Box 1
Bay Springs, MS  39422
859-254-9351 phone
859-233-9769 fax
ranceulmer@ulmerlaw.ms

*Attorney for Plaintiff Dennis Thomas*

MARC WEINGARTEN, ESQ.
Locks Law Firm
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 893-3444 phone
mweingarten@lockslaw.com

*Attorney for Plaintiff Dennis Thomas*

JOHN GEHLHAUSEN, ESQ.
ROBERT J. INGRAHAM, ESQ.
22488 East Polk Drive
Aurora, CO  80016
303-690-8197 phone
jgehlhausen@tractorlaw.com

*Attorney for Defendant/Cross-Claimant Rickey Barnett*

LARRY STAMPS, ESQ.
ANITA STAMPS, ESQ.
Stamps & Stamps
P.O. Box 2916
Jackson, MS  39207-2916
269 East Pearl Street
Jackson, MS  39201
601-354-4747 phone

*Attorneys for Defendant/Cross-Claimant Rickey Barnett*

                                                    */s/ Frank M. Holbrook*
                                                    Frank M. Holbrook

ButlerSnow25077936