IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICKY BARNETT**                                                                            **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 2:15-CV-2-KS-MTP**

**DEERE & COMPANY**                                                 **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

This is a product liability case. The Court discussed its factual background in previous opinions. *See* Memorandum Opinion and Order at 1-2, No. 2:15-CV-2-KS-MTP (S.D. Miss. May 15, 2015), ECF No. 26; *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 117312, at *1-*2 (S.D. Miss. Aug. 31, 2016). For the reasons below, the Court **denies** Defendant's Motion to Exclude [125] the proposed expert testimony of Dr. Philip Blount.

*A.    Insufficient Designation/Disclosure*

Defendant argues that Plaintiff failed to comply with his disclosure obligations with respect to a portion of the proposed expert testimony of Plaintiff's treating physician, Dr. Philip Blount. Specifically, Defendant contends that Plaintiff was required to provide an expert report from Dr. Blount with respect to his opinions regarding Plaintiff's future medical needs and the life care plan created by one of Plaintiff's retained experts.

Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as

the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). If the expert witness is not required to provide a written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. FED. R. CIV. P. 26(a)(2)(C). These disclosures must be made and supplemented in the time and sequence ordered by the Court. FED. R. CIV. P. 26(a)(2)(D)-(E). A party's failure to do so is "grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2).

Rule 26(a)(2)(A)'s designation requirement applies to all testifying experts, including treating physicians. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-83 (5th Cir. 2004). However, "[a] number of courts agree that a treating physician may testify as a non-retained expert witness – and therefore need not provide an expert report . . . ." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (collecting cases); *see also* FED. R. CIV. P. 26(a)(2)(B). But if the physician does not provide an expert report, his testimony must remain "confined to facts disclosed during care and treatment of the patient," including his diagnosis, the causation of a plaintiff's injuries, and the plaintiff's prognosis, "as long as the doctor formed those opinions based on [his] personal knowledge and observations obtained during the course of care and treatment." *Kim*, 267 F.R.D. at 502. "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician

2

acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id.*[1]

Dr. Blount's proposed expert testimony includes both opinions "formed . . . based on his personal knowledge and observations . . . during the course of care and treatment" of Plaintiff, and opinions "prepared . . . in anticipation of litigation . . . ." *Kim*, 267 F.R.D. at 502. Plaintiff's designation provided, in relevant part:

> [Dr. Blount h]as knowledge of the reasonableness and necessity of the medical bills and care of Plaintiff due to the injuries he incurred on June 17, 2013, his damages, the nature and extent of his injuries, as well as to matters set forth in their records, reports, and/or deposition, if any. It is anticipated he will testify that Plaintiff is permanently impaired and that the cause of same was his riding mower rollover. It is anticipated he will testify that he reviewed and approved the life care plan in this case. It is anticipated he will testify to the reasonableness and necessity of Plaintiff's medical bills resulting from the accident at issue.

Exhibit C to Motion to Exclude at 3, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 126-2. Blount's proposed testimony regarding Plaintiff's life care plan was indisputably prepared specifically for this litigation. Therefore, with respect to that portion of Blount's testimony, Plaintiff was required to provide Defendant with an expert report as required by Rule 26(a)(2)(B). *Kim*, 267 F.R.D. at 502. He failed to do so at the time of the designation, violating Rule

---

[1] S*ee also Previto v. Ryobi N. Am., Inc.*, No. 1:08-CV-177-HSO-JMR, 2010 U.S. Dist. LEXIS 133344, at *9-*10 (S.D. Miss. Dec. 16, 2010); *Cooper v. Wal-Mart Transp. LLC*, No. H-08-0085, 2009 U.S. Dist. LEXIS 8706, at *3-*4 (S.D. Tex. Feb. 5, 2009); *Lee v. Valdez*, No. 3:07-CV-1298-D, 2008 U.S. Dist. LEXIS 70979, at *9-*10 (N.D. Tex. Sept. 18, 2008); *Boudreaux v. J.P. Morgan Chase & Co.*, No. 07-555, 2007 U.S. Dist. LEXIS 86686, at *6-*7 (E.D. La. Nov. 21, 2007); *Duke v. Lowe's Home Ctrs., Inc.*, No. 1:06-CV-207-P-D, 2007 U.S. Dist. LEXIS 80415, at *3-*4 (N.D. Miss. Oct. 19, 2007); *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. Sept. 16, 2004); *Lowery v. Spa Crafters, Inc.*, No. SA-03-CA-0073-XR, 2004 U.S. Dist. LEXIS 16072, at *4-*5 (W.D. Tex. Aug. 16, 2004).

26(a)(2)(B), and he has not provided a supplemental report, violating Rule 26(e).[2]

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When applying Rule 37 and considering sanctions for discovery violations, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *Hamburger*, 361 F.3d at 883. The Court "should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders," *United States v. Garza*, 448 F.3d 294, 300 (5th Cir. 2006), and it has "broad discretion" in formulating such sanctions. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Here, Plaintiff has not provided any explanation for failing to provide a report

---

[2]Even if Plaintiff were not required to provide a report concerning Blount's opinions concerning the life care plan, he was still required to disclose the subject matter of Blount's testimony and "a summary of the facts and opinions to which [Blount] is expected to testify." FED. R. CIV. P. 26(a)(2)(C). Plaintiff's meager disclosure that Blount "reviewed and approved the life care plan in this case" is insufficient to provide Defendant with notice of Blount's opinions regarding the life care plan and the facts underlying them. The current version of the plan contains dozens of individual elements across nineteen pages, and it comprises a substantial portion of Plaintiff's alleged damages. In fact, when asked whether he believed that Plaintiff would likely need each element of the life care plan, Blount testified that he had to address each element "item by item." Exhibit D to Motion to Exclude at 7, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 126-3.

4

of Blount's opinions concerning the life care plan in compliance with Rule 26(a)(2)(B).[3] Therefore, the first factor weighs in favor of excluding the testimony.

As for the second factor, the testimony's importance is somewhat mitigated by the fact that Plaintiff designated another expert, Molly Struble, to provide testimony regarding his future medical needs. *See* Exhibit C to Response at 21, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 25, 2016), ECF No. 174-3. Struble drafted the life care plan at issue. However, as Plaintiff's treating physician, Blount's assessment of the life care plan is particularly probative, given his knowledge of Plaintiff's injuries. *Cf. Barbosa v. County of El Paso*, No. 97-51098, 1998 U.S. App. LEXIS 39641, at *9 (5th Cir. Sept. 8, 1998) (although evidence was cumulative, it was still valuable to corroborate other testimony). This factor weighs against exclusion.

As for the third factor, the Court finds that Defendant was prejudiced by Plaintiff's failure to provide a report. As noted above, Plaintiff's designation was woefully insufficient. The most current version of the life care plan contains dozens of elements across nineteen pages. Plaintiff's disclosure that Blount "reviewed and approved the life care plan in this case" provides no substantive information about Blount's opinions regarding the life care plan, or the basis of his opinions.

However, the Court also finds that Defendant already received an adequate cure. Defendant deposed Blount after production of the most current life care plan. At the time of the deposition, Defendant was fully aware of the plan's contents, and it had

---

[3] In fact, Plaintiff did not address any of the four *Hamburger* factors in briefing.

5

an opportunity to question Blount about his opinions. Accordingly, the third and fourth factors, considered in tandem, weigh against exclusion.

In conclusion, the Court finds that Plaintiff failed to meet his discovery obligations under Rules 26(a)(2)(B) and (e) by failing to provide an expert report with respect to Dr. Blount's opinions regarding Plaintiff's life care plan. However, the Court also finds that Defendant has been provided an adequate opportunity to cure whatever prejudice might accrue as a result of Plaintiff's failure insofar as it deposed Blount after it had received the most current version of the life care plan. Defendant will also have the opportunity at trial to cross-examine Blount with regard to his opinions regarding the life care plan. In the Court's opinion, the *Hamburger* factors weigh against excluding Blount's testimony, and the Court notes that Defendant did not request any intermediate sanctions. However, Defendant may reassert this motion at trial in the event Plaintiff attempts to introduce any testimony or opinions from Blount that have not been disclosed by designation or are outside the scope of testimony provided at his deposition.

### B.   *Reliability of Blount's Testimony*

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if:

(a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)   the testimony is based on sufficient facts or data;

> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Therefore, "when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997).

In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court provided a nonexclusive list of "general observations intended to guide a district court's evaluation of scientific evidence," including: "whether a theory or technique can be (and has been) tested, whether it has been subjected to peer review and publication, the known or potential rate of error, and the existence and maintenance of standards controlling the technique's operation, as well as general acceptance." *Watkins*, 121 F.3d at 989 (punctuation omitted).

> Not every guidepost outlined in *Daubert* will necessarily apply to expert testimony based on engineering principles and practical experience, but the district court's preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue is no less important.

*Id.* at 990-91 (punctuation omitted).

"Overall, the trial court must strive to ensure that the expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the

7

relevant field." *Id.* The testimony must be supported by "more than subjective belief or unsupported speculation." *Paz v. Brush Eng'red Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009). However, the Court's rule as gatekeeper is not meant to supplant the adversary system because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. While the Court should focus solely on the proposed expert's "principles and methodology, not on the conclusions that they generate," *id.* at 595, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997).

"The proponent of expert testimony . . . has the burden of showing that the testimony is reliable," *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004), and must establish the admissibility requirements "by a preponderance of the evidence." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

The life care plan prepared by Plaintiff's retained expert includes 11 days of unplanned hospitalizations for every remaining year of Plaintiff's life. Dr. Blount, Plaintiff's treating physician, apparently intends to provide opinion testimony regarding the anticipated frequency of such future hospitalizations. Defendant argues that Blount's opinion regarding future unplanned hospitalizations is unreliable because 1) Blount purportedly contradicted his own testimony at deposition, 2) the opinion is not supported by sufficient facts, 3) the opinion does not meet any of the

8

reliability factors from *Daubert*, and 4) Blount's opinion contradicts Plaintiff's medical history. For the reasons provided below, the Court concludes that Blount's testimony is sufficiently reliable to pass muster under Rule 702 and *Daubert*.

First, Blount did not contradict his own testimony, as Defendant argues. Blount consistently testified that he "can't tell you that he'll be in the hospital for 11 days per year," and that he was "not able to say, with a reasonable degree of medical probability, that it will be 11 days per year every year for the rest of his life . . . ." Exhibit E to Response to Motion to Exclude at 12-13, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 25, 2016), ECF No. 174-6. But he also consistently testified that "rehospitalization is an item that, unfortunately, I would wager will occur, and . . . I felt that this was reasonable to include in his plan as a possibility, and likely a probability, for his future of his life." *Id.* at 12. He further stated: "I don't predict that he will be in the hospital 11 days per year. I do predict he will have hospitalizations at an increased rate and frequency compared to the normal population due to his spinal cord injury, and that this figure may represent an average of over a lifetime." *Id.* at 13. In summary, Blount testified that Plaintiff "is at an increased risk of rehospitalization due to his spinal cord injury. I am not able to say with a reasonable degree of medical probability, that it will be 11 days per year every year for the rest of his life, and I'll have to leave it at that." *Id.*

Next, Blount admitted that he did not have any "knowledge of any medical data on lengths of stay in the hospital for spinal cord survivors for the rest of their life," *id.* at 13, and he was unfamiliar with a study mentioned by Defendant's counsel. *Id.* at 13-

14. However, Blount testified that he based his opinion on his own "[c]linical experience of caring for spinal cord patients, training in physical medicine and rehabilitation, [and] the medical literature that does support that patients with spinal cord injury have up to a three or four times higher likelihood of unexpected hospitalizations." *Id.* at 19. He also testified that he was familiar with two articles/studies listed in the life care plan. *Id.* at 13. In the Court's opinion, this is a sufficient basis for his opinion regarding the likelihood of Plaintiff's future hospitalizations.

As for *Daubert*'s list of indicia of reliability, the Fifth Circuit has explicitly held that "every guidepost outlined in *Daubert* will [not] necessarily apply to expert testimony based on . . . practical experience . . . ." *Watkins*, 121 F.3d at 990-91. Here, Blount believes that it Plaintiff is at an increased risk of hospitalization for the rest of his life. Although he can not certainly predict how often Plaintiff will be hospitalized, he believes that Struble's prediction of eleven days per year is a reasonably probable prediction, based on his years of clinical experience with spinal cord injuries, Exhibit E [174-6], at 19, medical literature indicating that patients with spinal cord injuries have a higher likelihood of unexpected hospitalizations, *id.*, Plaintiff's obesity, *id.* at 9, and the increased rate of hospitalization within generally less healthy populations when compared to healthier populations. *Id.* at 19. The purpose of *Daubert* and Rule 702 are to ensure that the proposed expert's "reasoning or methodology properly can be applied to the facts in issue . . . ." *Watkins*, 121 F.3d at 991. Blount's reasoning and the factual basis underlying his opinion provide sufficient indicia of reliability, given

the limited and relatively uncertain nature of his testimony on this issue.

Finally, Defendant notes that Plaintiff's proposed life care expert, Molly Struble, testified that Plaintiff had not been hospitalized since the accident in June 2013. Therefore, Defendant argues that Blount's opinion regarding the likelihood of Plaintiff's hospitalization is contrary to Plaintiff's medical history. The Court disagrees. Blount testified: "What I see is rehospitalization, lifetime, frequency is 11 days per year, to treat medical conditions related to a spinal cord injury. The way I interpret that frequency is average. . . . What I interpreted with this plan was it may be that this is an average . . . ." Exhibit E [174-6], at 12. Accordingly, Plaintiff's medical history does not contradict Blount's opinion.

For all the reasons above, the Court finds that Blount's testimony is sufficiently reliable to pass muster under Rule 702 and *Daubert*. Blount's opinions are based upon more than his subjective belief or unsupported speculation, *Paz*, 555 F.3d at 388, and the "reasoning or methodology" he articulated to support his opinions "properly can be applied to the facts in issue . . . ." *Watkins*, 121 F.3d at 991. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence," *Daubert*, 509 U.S. at 596, and Defendant will have the opportunity to cross-examine Blount at trial.

## C.   *Conclusion*

For the reasons provided above, the Court **denies** Defendant's Motion to Exclude [125] the proposed expert testimony of Dr. Philip Blount. However, Defendant

may reassert this motion at trial in the event Plaintiff attempts to introduce any testimony from Blount that have not been disclosed by designation or are outside the scope of the testimony or opinions provided at his deposition.

SO ORDERED AND ADJUDGED this 11th day of September, 2016.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE