IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICKY BARNETT                                                    PLAINTIFF

V.                                CIVIL ACTION NO. 2:15-CV-2-KS-MTP

DEERE & COMPANY                                               DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This is a product liability case. The Court discussed its factual background in previous opinions. *See* Memorandum Opinion and Order at 1-2, No. 2:15-CV-2-KS-MTP (S.D. Miss. May 15, 2015), ECF No. 26; *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 117312, at *1-*2 (S.D. Miss. Aug. 31, 2016). For the reasons below, the Court **grants in part and denies in part** Defendant's Motion to Exclude [128] the proposed expert testimony of Nathaniel Fentress.

A.    *Background*

Plaintiff designated Nathaniel Fentress as a vocational rehabilitation expert. *See* Exhibit C to Response at 24, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 25, 2016), ECF No. 174-3; Exhibit 1 to Reply, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. Aug. 12, 2016), ECF No. 184-1. Fentress provided a "Vocational Rehabilitation Evaluation," the purpose of which was "to determine [Plaintiff's] capacity to successfully reenter and maintain significant substantial gainful employment after suffering a spinal cord injury that rendered him a paraplegic . . . ." Exhibit 1 [184-1], at 2. Therein, Fentress stated that Plaintiff "was an extremely poor candidate to ever return to his usual occupation as a direct care worker at the time of

the lawnmower accident, as well as his prior occupations . . ." because of his "severe vocationally disabling condition." *Id.* at 11. Fentress concluded that Plaintiff's "prognosis to reenter and maintain alternate gainful employment, based upon his residual vocational rehabilitation profile, is assessed, at this time and over his work life expectancy, as fair to poor." *Id.* at 11-12. Fentress believes Plaintiff's "skills . . . hav[e] limited transferability" because of his medical condition, and he "found no matches for job opportunities for [Plaintiff] based upon his residual vocational rehabilitation profile." *Id.* at 12. Accordingly, Fentress concluded that Plaintiff's potential for future earnings has decreased after the spinal cord injury. *Id.*

Defendant filed a Motion to Exclude [128] Fentress's testimony, and it is ripe for review.

## B. *Qualification*

First, Defendant argues that Plaintiff is not qualified to provide testimony "as to how Ricky Barnett's medical condition will affect his ability to work for the next several decades." Memorandum of Authorities at 2, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 129. Defendant contends that Fentress is not qualified to provide opinions regarding medical impairment ratings and how Plaintiff's medical condition will impact his ability to work.

"Whether a witness is qualified to testify as an expert is left to the sound discretion of the trial judge, who is in the best position to determine both the claimed expertise of the witness and the helpfulness of his testimony." *Sullivan v. Rowan Cos.*, 952 F.2d 141, 144 (5th Cir. 1992). The proponent of expert testimony must establish

2

the expert's qualifications by a preponderance of the evidence. *United States v. Griffith*, 118 F.3d 318, 322 (5th Cir. 1997).

Rule 702 provides that an expert may be qualified by "knowledge, skill, experience, training, or education . . . ." FED. R. EVID. 702. Expert testimony "serves to inform the jury about affairs not within the understanding of the average man." *United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993). Therefore, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). A proposed expert does not have to be "highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Likewise, "[a] lack of personal experience . . . should not ordinarily disqualify an expert, so long as the expert is qualified based on some other factor provided by Rule 702 . . . ." *United States v. Wen Chyu Liu*, 716 F.3d 159, 168 (5th Cir. 2013). However, regardless of its source, "the witness's . . . specialized knowledge," must be "sufficiently related to the issues and evidence before the trier of fact that the witness's proposed testimony will help the trier of fact." *Id.* at 167.

Fentress admitted during his deposition that he was not a medical doctor, Exhibit A to Response at 2, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 25, 2016), ECF No. 173-1, and that he was "not qualified to do [medical] impairment ratings." *Id.* at 3. He also testified that no medical expert had provided him with Plaintiff's impairment rating. *Id.* at 4. He asked Plaintiff's treating physician,

Dr. Philip Blount, to fill out a questionnaire, but Blount never returned it. *Id.* at 3; Exhibit B to Motion to Exclude at 1, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 128-2. The questionnaire, a "Functional Limitations Form," requests a variety of information concerning Plaintiff's physical capabilities and limitations, including the "expected date of [his] maximum medical improvement (MMI)" and a percentage "impairment rating." Exhibit B [128-2], at 2.

However, Fentress spoke with Blount on the telephone, and Blount provided a general description of Plaintiff's condition. Exhibit A [173-1], at 3. Fentress also testified that he has been a rehabilitation counselor for forty-two years, *id.* at 2, and based on that experience, he would say that Plaintiff "has a very high impairment rating . . . , because he's paralyzed from the waist down and he is a chronic pain patient." *Id.* at 3. Accordingly, Fentress concluded that Plaintiff "has a significant medical impairment." *Id.* at 4.

The Court agrees that Fentress is not qualified to provide an impairment rating. Fentress himself stated as much during his deposition. *Id.* at 3. Indeed, if Plaintiff were qualified to provide a medical diagnosis and impairment rating, he would not have needed to submit a "Functional Limitations Form" [128-2] to Dr. Blount for completion. Therefore, Fentress may not express an opinion as to Plaintiff's medical impairment rating, medical diagnoses, and/or the specific functional limitations addressed in the form [128-2] he submitted to Dr. Blount for completion.

However, the Court notes that Plaintiff needs no expert testimony to establish that he is, in some respects, impaired. It is undisputed that Plaintiff is a paraplegic,

4

paralyzed from the waist down. Any reasonable person – whether a doctor, vocational rehabilitation counselor, layperson, or otherwise – would agree that he now has physical limitations that he did not have before his injury. The Court also notes that it is undisputed that Fentress has forty-two years of experience in vocational rehabilitation. Therefore, although Fentress may not diagnose Plaintiff or provide any opinions regarding his specific limitations or impairment rating, he may provide general testimony regarding the functional limitations and degree of impairment he has observed in paraplegics during his career. Of course, Defendant will be free to cross-examine Fentress, and it may also raise objections to any specific opinions or testimony on a case-by-case basis at trial.

## C.    *Reliability*

Defendant also argues that Fentress's vocational disability opinions are not reliable because he did not obtain an impairment rating from a physician. Rule 702 provides:

> A witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if:
>
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)    the testimony is based on sufficient facts or data;
>
> (c)    the testimony is the product of reliable principles and methods; and
>
> (d)    the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Therefore, "when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997). "[T]he trial court must strive to ensure that the expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

The testimony must be supported by "more than subjective belief or unsupported speculation." *Paz v. Brush Eng'red Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009). "[T]he expert's testimony must be reliable at each and every step or it is inadmissible. The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia.*" *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 725 (5th Cir. 2009) (alteration original). Therefore, "[t]he . . . reliability of expert testimony turns upon its nature and the purpose for which its proponent offers it." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010). Rule 702 specifically requires that an expert's testimony be based upon sufficient facts or data. Fed. R. Evid. 702(b). Phrased differently, proposed expert testimony "must be supported by appropriate validation – i.e., good grounds, based on what is known." *Daubert*, 509 U.S. at 590 (punctuation omitted). Therefore, "[w]here an expert's opinion is based on insufficient information, the analysis is unreliable." *Paz*, 555 F.3d at 388; *see also Seaman*, 326 F. App'x at 725.

"Vigorous cross-examination, presentation of contrary evidence, and careful

instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. "[A] district court has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion." *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 354 (5th Cir. 2007). "The proponent of expert testimony . . . has the burden of showing that the testimony is reliable," *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004), and must establish the admissibility requirements "by a preponderance of the evidence." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

As noted above, Fentress is not a physician, and he is not qualified to give Plaintiff an impairment rating, diagnose his injuries, or provide opinions regarding Plaintiff's functional limitations. Furthermore, Fentress testified that the vocational rehabilitation literature requires a medical impairment rating to provide an opinion regarding vocational disability. Exhibit A [173-1], at 4. However, as noted above, it is apparent to any reasonable person that Plaintiff – a paraplegic – has a "significant medical impairment." *Id.* Fentress may not have based his vocational disability opinions on a numerical medical impairment rating provided by a physician, but he based them on the physician's description of Plaintiff's injuries during a telephone call, his decades of experience in vocational rehabilitation, and the undisputed fact that Plaintiff is paralyzed from the waist down. These are sufficient bases for his opinions. Defendant will have the opportunity to cross-examine Fentress at trial, and it may also raise objections to any specific opinions or testimony at trial on a case-by-case basis.

**D.    *Conclusion***

The Court **grants in part and denies in part** Defendant's Motion to Exclude [128] the proposed expert testimony of Nathaniel Fentress. Fentress may not diagnose Plaintiff's injuries, provide any opinion regarding Plaintiff's medical impairment rating, or provide any opinion regarding Plaintiff's functional limitations as addressed in the form he submitted to Dr. Blount for completion. However, Fentress may provide general testimony regarding the functional limitations and degree of impairment he has observed in paraplegics during his career. He may also provide a vocational disability opinion based on his experience, the fact that Plaintiff is a paraplegic, and Blount's description of Plaintiff's injuries. Defendant will be free to cross-examine Fentress, and it may raise objections to any specific opinions or testimony on a case-by-case basis at trial.

SO ORDERED AND ADJUDGED this 20th day of September, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

8