IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICKY BARNETT**                                                                                      **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 2:15-CV-2-KS-MTP**

**DEERE & COMPANY**                                                                             **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion to Exclude [132] certain testimony by Molly Struble.

### A.   *Background*

This is a product liability case. The Court discussed its factual background in a previous opinion. *See* Memorandum Opinion and Order at 1-2, No. 2:15-CV-2-KS-MTP (S.D. Miss. May 15, 2015), ECF No. 26. Plaintiff intends to present expert testimony from a life care planner, Molly Struble, including a life care plan she prepared for Plaintiff. *See* Exhibit B to Motion to Exclude, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 132-2. Defendant filed a motion to exclude a portion of Struble's testimony. *See* Motion to Exclude, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 132.

### B.   *Qualification*

First, Defendant argues that Struble is not qualified to offer any medical opinions. "Whether a witness is qualified to testify as an expert is left to the sound discretion of the trial judge, who is in the best position to determine both the claimed expertise of the witness and the helpfulness of his testimony." *Sullivan v. Rowan Cos.*,

952 F.2d 141, 144 (5th Cir. 1992). The proponent of expert testimony must establish the expert's qualifications by a preponderance of the evidence. *United States v. Griffith*, 118 F.3d 318, 322 (5th Cir. 1997).

Rule 702 provides that an expert may be qualified by "knowledge, skill, experience, training, or education . . . ." FED. R. EVID. 702. Expert testimony "serves to inform the jury about affairs not within the understanding of the average man." *United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993). Therefore, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). A proposed expert does not have to be "highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Likewise, "[a] lack of personal experience . . . should not ordinarily disqualify an expert, so long as the expert is qualified based on some other factor provided by Rule 702 . . . ." *United States v. Wen Chyu Liu*, 716 F.3d 159, 168 (5th Cir. 2013). However, regardless of its source, "the witness's . . . specialized knowledge," must be "sufficiently related to the issues and evidence before the trier of fact that the witness's proposed testimony will help the trier of fact." *Id.* at 167.

Struble does not have a medical degree or license. *See* Exhibit A to Response at 2, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 25, 2016), ECF No. 175-1. She has no medical training. *Id.* at 3. Moreover, during her deposition, she admitted that she was not qualified to give medical opinions. *Id.*

Therefore, Struble elicited the opinion of Dr. Philip Blount, Plaintiff's training physician, regarding the probability that Plaintiff would need certain items in the life care plan. *Id.* at 9-14, 17-18. She spoke to Blount on the telephone, sent him letters requesting information, and submitted her life care plan to him for review. *Id.* at 9-13. Blount "approved" the life care plan by checking the appropriate box on the form submitted to him, but he provided no substantive evaluation or comment. Exhibit C to Response at 1, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 25, 2016), ECF No. 175-3. Struble sent Blount at least two letters requesting that he tell her whether certain elements of the life care plan were "more likely than not (within reasonable medical probability)." Exhibit A [175-1], at 12. In his only written communication with Struble, Blount stated that the elements she inquired about were "possible," rather than "probable." *Id.* at 13.

Although "[a] medical degree is not a prerequisite for expert testimony relating to medicine," the proposed expert must have some expertise "in a field of research ancillary to the fields of medicine," such as alternative medicine or the biological sciences. *Carlson v. Bioremedi Therapeutic Sys.*, 822 F.3d 194, 200 (5th Cir. 2016). Furthermore, the expert's ancillary expertise must align with her proposed testimony. *Id.* For example, a clinical psychologist is not qualified to provide expert testimony that stress exacerbated coronary heart disease. *Edmonds v. Illinois Cent. R.R.*, 910 F.2d 1284, 1287 (5th Cir. 1990).

The Court easily concludes that Struble is not qualified to provide medical opinions. She admitted that she was not qualified to give medical opinions, and that

3

she has no medical degree, license, or training. Exhibit A [175-1], at 3. Although Struble may be an expert in life care planning, Plaintiff presented no evidence that she has expertise – whether by virtue of her knowledge, experience, education, or training – "in a field of research ancillary to the fields of medicine," much less specific experience in treating spinal cord injuries. In fact, Struble admitted that she has never provided expert testimony in a case involving a paraplegic. *Id.*

Therefore, unless a medical item/service was recommended by Dr. Blount, Struble may not include it in the life care plan or testify that Plaintiff will, within a reasonable degree of medical probability, need it at some point in the future. Specifically, Struble may not recommend or offer any medical opinion regarding Plaintiff's need for antibiotic medication for urinary tract infections and urinalysis, or the frequency and duration of unplanned hospitalizations for the remainder of Plaintiff's life. The Court declines to sift through Struble's deposition transcript and report to find other examples of impermissible medical opinions, but Defendant may raise additional specific objections on a case-by-case basis at trial.

## C.     *Reliability*

Next, Defendant argues that Struble may not rely on certain opinion testimony provided by Dr. Blount because it is unreliable and/or inadmissible. The Court rejects this argument insofar as it denied Defendant's Motion to Exclude [125] Blount's proposed expert testimony.

## D.     *Conclusion*

For the reasons provided above, the Court **grants in part and denies in part**

Defendant's Motion to Exclude [132] certain testimony by Plaintiff's life care planner, Molly Struble. Struble may not provide any medical opinions or recommendations, whether by way of testimony or through her life care plan. She may, however, rely on the medical opinions of Dr. Blount in making life care recommendations.

SO ORDERED AND ADJUDGED this 20th day of September, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE