IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICKY BARNETT**                                                              **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 2:15-CV-2-KS-MTP**

**DEERE & COMPANY**                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

The Court **grants** Defendant's Motion to Exclude [134] certain testimony by Plaintiff's expert, Edward Karnes.

### A.     Background

This is a product liability case. The Court discussed its factual background in a previous opinion. *See* Memorandum Opinion and Order at 1-2, No. 2:15-CV-2-KS-MTP (S.D. Miss. May 15, 2015), ECF No. 26. Plaintiff intends to present testimony from a human factors expert, Edward Karnes. Among other things, Karnes intends to testify that the subject lawn mower was defectively designed because it did not have a roll over protection system ("ROPS"). Defendant argues that Karnes is not an expert in engineering, mechanical engineering, or biomechanics, and that he is unqualified to provide expert testimony regarding the lawn mower's design or any alleged design defect.

### B.     Discussion

"Whether a witness is qualified to testify as an expert is left to the sound discretion of the trial judge, who is in the best position to determine both the claimed expertise of the witness and the helpfulness of his testimony." *Sullivan v. Rowan Cos.*,

952 F.2d 141, 144 (5th Cir. 1992). The proponent of expert testimony must establish the expert's qualifications by a preponderance of the evidence. *United States v. Griffith*, 118 F.3d 318, 322 (5th Cir. 1997).

Rule 702 provides that an expert may be qualified by "knowledge, skill, experience, training, or education . . . ." FED. R. EVID. 702. Expert testimony "serves to inform the jury about affairs not within the understanding of the average man." *United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993). Therefore, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). A proposed expert does not have to be "highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Likewise, "[a] lack of personal experience . . . should not ordinarily disqualify an expert, so long as the expert is qualified based on some other factor provided by Rule 702 . . . ." *United States v. Wen Chyu Liu*, 716 F.3d 159, 168 (5th Cir. 2013). However, regardless of its source, "the witness's . . . specialized knowledge," must be "sufficiently related to the issues and evidence before the trier of fact that the witness's proposed testimony will help the trier of fact." *Id.* at 167.

Karnes intends to offer numerous opinions regarding the design of the subject lawn mower. In his report, he stated that Defendant's failure to include a ROPS in the lawn mower's design "creates unnecessary risks of severe injuries and deaths," and that "[p]rotecting the operator in the event of a rollover can only be achieved by

2

providing ROPS." Exhibit B to Response at 26, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 26, 2016), ECF No. 181-2. According to Karnes, "[w]ithout ROPS, the Deere ZTR was unreasonably dangerous for its intended use." *Id.* at 27. Indeed, he believes that all "ride-on-open-air vehicles including riding mowers of all types . . . should have rollover protection to protect operators . . . ." *Id.* at 33. Accordingly, he concludes that a ROPS "was required to prevent serious injuries and death," *id.* at 36, that Defendant's failure to include a ROPS in the mower's design "exposed users to unnecessary risks of serious injury or death," *id.* at 37, that the absence of a ROPS "creates an unreasonable risk of harm to operators regardless of the mower's particular use, user, or particular operating environment," *id.*, and that a ROPS would not "compromise the mower's uses or diminish operator safety . . . ." *Id.* Additionally, during his deposition, Karnes testified that the lawn mower was defective because it did not have a ROPS. Exhibit C to Response at 6, 19, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 26, 2016), ECF No. 181-3.

However, the record overwhelmingly demonstrates that Karnes is not qualified to provide any opinion regarding the design of zero-turn mowers or ROPS. Karnes admitted that he is not an engineer, that he is not biomechanical or mechanical engineering expert, and that he has no relevant experience with the design of zero-turn mowers or ROPS. *Id.* at 2, 19. He has never designed a lawn mower or a ROPS. *Id.* at 2. He has never tested a ROPS. *Id.* He has never owned, operated, or even observed another person operate a zero-turn mower like the one at issue here. *Id.* at 6-7. Finally, he admitted during his deposition that he is not qualified to render expert opinions

3

with regard to the mower's design. *Id.* at 19.

Therefore, Karnes may not provide any opinions as to the design of the subject lawn mower. He may not testify that it was defective, that the failure to include a ROPS rendered it unreasonably dangerous for its intended use, or that the inclusion of a ROPS would not diminish the mower's utility or safety. In short, while Karnes may provide testimony regarding human factors – such as the efficacy of warnings or likelihood of operator negligence – he may not provide any opinion whatsoever regarding the mower's design.[1]

Plaintiff argues that the "decision to leave the task of recognizing, appreciating and avoiding the hazard associated with rollovers to the consumer necessarily implicates human factors." Response to Motion to Exclude at 5, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 26, 2016), ECF No. 181. Accordingly, Plaintiff contends that the alleged defect – the absence of a ROPS – is a human factors issue, rather than an engineering issue. Karnes is certainly free to provide expert opinions

---

[1]*See Previto v. Ryobi N. Am., Inc.*, 766 F. Supp. 2d 759, 765 (S.D. Miss. 2010) (human factors expert was not qualified to provide expert testimony regarding design of a saw); *Fedor v. Freightliner, Inc.*, 193 F. Supp. 2d 820, 828 (E.D. Penn. 2002) (human factors expert was not qualified to testify about engineering and physics issues such as surface friction, radius of an allegedly defective step's edge); *Bruess v. Blount Int'l, Inc.*, No. C09-2055, 2011 WL 2680760, at *22 (N.D. Iowa July 8, 2011) (proposed expert who had never designed a zero-turn mower or ROPS was not qualified to testify that a zero-turn mower was defective because it did not have a ROPS); *Campbell v. NACCO Materials Handling Grp., Inc.*, No. 09CV376A, 2011 WL 5187930, at *6 (W.D.N.Y. Sept. 9, 2011) (human factors expert was qualified to testify about product warnings and established principles of human factors psychology, but not to testify about forklift design, including opinion that forklift was defective because it lacked certain safety systems/elements).

regarding human factors issues – such as the efficacy of warnings, the likelihood of operator negligence, or the likelihood that operators will read and follow the instructions and warnings in manuals and other instructional materials. However, the determination of whether a design is defective includes technical questions that Karnes can not competently address – such as whether there exists a feasible design alternative that would have prevented the alleged harm without impairing the product's utility, practicality, or desirability. *See* MISS. CODE ANN. § 11-1-63(f). By his own admission, Karnes is unqualified to testify on such technical issues related to the design of zero-turn mowers or ROPS. Accordingly, he is unqualified to testify that the subject mower was defectively designed.

*C.     Conclusion*

For these reasons, the Court **grants** Defendant's Motion to Exclude [134] certain testimony by Plaintiff's expert, Edward Karnes. Karnes may not provide any opinions regarding the mower's design.

SO ORDERED AND ADJUDGED this 7th day of November, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE