IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICKY BARNETT**                                                                **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:15-CV-2-KS-MTP**

**DEERE & COMPANY**                                                              **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons below, the Court **denies** Plaintiff's Motion to Exclude [146] the testimony of Defendant's expert, Kyle Ressler.

*A.   Background*

This is a product liability case. The Court discussed its factual background in a previous opinion. *See Thomas v. Barnett*, No. 2:15-CV-2-KS-MTP, 2015 U.S. Dist. LEXIS 181554, at *2-*5  (S.D. Miss. May 15, 2015). Plaintiff claims that he was paralyzed when a lawn mower designed and manufactured by Defendant, the EZtrak Z425, rolled over on top of him. He asserted design and warning defect claims under the Mississippi Product Liability Act ("MPLA"). The Court has already addressed several evidentiary motions.[1] It also granted in part and denied in part Defendant's

---

[1]*See, e.g. Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 154774 (S.D. Miss. Nov. 8, 2016) (granting in part and denying in part Defendant's motion to exclude the testimony of Thomas Berry); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 154099 (S.D. Miss. Nov. 7, 2016) (granting Defendant's motion to exclude the testimony of Edward Karnes); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128002 (S.D. Miss. Sept. 20, 2016) (granting in part and denying in part Defendant's motion to exclude the testimony of Nathaniel Fentress); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128003 (S.D. Miss. Sept. 20, 2013) (granting in part and denying in part Defendant's motion to exclude certain testimony by Molly Struble); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS

Motion for Summary Judgment [136], granting the motion as to Plaintiff's design defect claim but denying it as to his warning defect claim. The Court now considers Plaintiff's Motion to Exclude [146] the testimony of Defendant's expert, Kyle Ressler.

## B.   *Rule 702*

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)   the testimony is based on sufficient facts or data;

(c)   the testimony is the product of reliable principles and methods; and

(d)   the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Therefore, "when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997).

In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court provided a nonexclusive list of "general

---

123114 (S.D. Miss. Sept. 11, 2016) (denying Defendant's motion to exclude the testimony of Dr. Philip Blount); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 117312 (S.D. Miss. Aug. 31, 2016) (denying Plaintiff's motion for sanctions for alleged spoliation of evidence).

observations intended to guide a district court's evaluation of scientific evidence," including: "whether a theory or technique can be (and has been) tested, whether it has been subjected to peer review and publication, the known or potential rate of error, and the existence and maintenance of standards controlling the technique's operation, as well as general acceptance." *Id.* at 989 (punctuation omitted).

> Not every guidepost outlined in *Daubert* will necessarily apply to expert testimony based on engineering principles and practical experience, but the district court's preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue is no less important.

*Id.* at 990-91 (punctuation omitted).

"Overall, the trial court must strive to ensure that the expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* The testimony must be supported by "more than subjective belief or unsupported speculation." *Paz v. Brush Eng'red Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009). However, the Court's rule as gatekeeper is not meant to supplant the adversary system because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. While the Court should focus solely on the proposed expert's "principles and methodology, not on the conclusions that they generate," *id.* at 595, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion

3

evidence which is connected to existing data only by the *ipse dixit* of the expert." *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997).

"The proponent of expert testimony . . . has the burden of showing that the testimony is reliable," *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004), and must establish the admissibility requirements "by a preponderance of the evidence." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

## C.  *Plaintiff's Alleged Negligence*

Ressler intends to testify that Plaintiff was negligent in his operation of the subject mower. Plaintiff argues that this testimony should be excluded because it is based on incorrect information concerning the location of the roll over accident. During his deposition, Plaintiff testified that the accident occurred closer to the road and a nearby metal structure, at a location where the slope was not as steep. *See* Exhibit G to Response, *Barnett v. Deere*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 26, 2016), ECF No. 177-7; Exhibit F to Response at 13-15, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. July 26, 2016), ECF No. 177-6.

However, Defendant presented evidence that the accident occurred farther away from the road and metal structure, on a significantly steeper slope. Solomon Barnett, Plaintiff's father, testified that he found Plaintiff at the bottom of the steeper slope, farther from the road. *See* Exhibit H to Motion for Summary Judgment at 2-3, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 137-7; Exhibit I to Motion for Summary Judgment, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 137-8. Anna Welch, who first found Plaintiff

after the accident, provided similar testimony. *See* Exhibit J to Motion for Summary Judgment at 2-4, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 137-9; Exhibit K to Motion for Summary Judgment, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 137-10. Likewise, Officer Prentiss Henley of the Heidelberg Police Department, first responder Beverly Buxton, and Chief Scott Leavitt of the Bay Springs Fire Department testified that Plaintiff lay at the bottom of the steeper slope farther away from the road and metal structure. *See* Exhibit L to Motion for Summary Judgment, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 137-11; Exhibit M to Motion for Summary Judgment, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 138; Exhibit N to Motion for Summary Judgment, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 138-1.

It appears to be undisputed that the slope in the area identified by these witnesses falls within a range of 30-40 degrees. Exhibit A to Motion for Summary Judgment at 4, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 15, 2016), ECF No. 137. In contrast, the slope at the location identified by Plaintiff appears to be significantly less steep. Exhibit G [177-7]; Exhibit F [177-6], at 13-15.

Therefore, there exists a genuine dispute of material fact as to the location of the accident and, therefore, the degree of the slope on which Plaintiff operated the machine. In light of that dispute, the Court declines to exclude Ressler's testimony on this basis.

**D.     *Design Opinions***

Next, Plaintiff argues that the Court should exclude Ressler's opinions regarding the subject mower's design because they purportedly rely on assumptions contrary to Mississippi law. Specifically, Plaintiff argues that it is unreasonable for Ressler to "expect that operators will never misuse the product, fail to read and memorize each and every instruction and/or warning contained in the operator's manual and warning labels, or make mistakes and/or errors in judgment in operating the machine." Memorandum in Support of Motion to Exclude at 13-14, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. June 21, 2016), ECF No. 147.

In fact, Mississippi law provides that "[w]here warning is given, the seller may reasonably assume that it will be read and heeded . . . ." *Rogers v. Elk River Safety Belt Co.*, No. 1:95-CV-115-D-D, 1996 U.S. Dist. LEXIS 21600, at *6 (N.D. Miss. Sept. 1996); *see also Austin v. Will-Burt Co.*, 361 F.3d 862, 868 (5th Cir. 2004) ("A warning may be held adequate as a matter of law where the adverse effect that was ultimately visited upon the patient was one that the manufacturer specifically warned against."); *Cather v. Catheter Technology Corp.*, 753 F. Supp. 634, 640 (S.D. Miss. 1991); *3M Co. v. Johnson*, 895 So. 2d 151, 166 (Miss. 2005) (where there was no evidence that plaintiff read or relied on any warning, no proximate causation for warning defect claim). Likewise, "[i]n Mississippi, if a jury determines a plaintiff's injuries resulted from product misuse . . . then the plaintiff is the proximate cause of the injuries and the manufacturer is not liable." *Mine Safety Appliance Co. v. Holmes*, 171 So. 3d 442, 454 (Miss. 2015) (citing *Early-Gary, Inc. v. Walters*, 294 So. 2d 181, 186 (Miss. 1974); *Dykes v. Husqvarna Outdoor Prods., N.A.*, 869 F. Supp. 2d 749, 758 (S.D. Miss. 2012)).

Therefore, Ressler's opinions are not based upon assumptions contrary to Mississippi law, as Plaintiff claims.[2]

## E. *Destroyed Documents*

Finally, Plaintiff argues that the Court should exclude Ressler's testimony concerning the development of the subject mower because it relies on documents that were destroyed pursuant to Defendant's document retention policy. The Court addressed this issue in its opinion denying Plaintiff's motion for sanctions. *See Barnett*, 2016 U.S. Dist. LEXIS 117312 at *12-*15. The Court found that Defendant destroyed documents under a routine document retention policy, and that Plaintiff had not presented any evidence to support an inference of bad faith. *Id.* at *12-*13. The Court also noted that the sanctions Plaintiff requested were "greater than necessary to cure the [purported] prejudice . . . ." *Id.* at *12 n. 4 (quoting FED. R. CIV. P. 37(e)(1)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence," *Daubert*, 509 U.S. at 596, and Plaintiff will have an opportunity to cross-examine Ressler at trial.

## F. *Conclusion*

For these reasons, the Court **denies** Plaintiff's Motion to Exclude [146] the

---

[2]It is questionable whether any expert testimony regarding the mower's design is relevant to the issues before the jury, as the Court granted Defendant's Motion for Summary Judgment [136] as to Plaintiff's design defect claim. The parties have not addressed this issue, though, as the Court just issued its summary judgment ruling. The Court will not address it here.

expert testimony of Kyle Ressler.

SO ORDERED AND ADJUDGED this 14th day of November, 2016.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE