IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICKY BARNETT**                                                                     **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 2:15-CV-2-KS-MTP**

**DEERE & COMPANY**                                                              **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

The Court previously discussed the background of this case,[1] and it already addressed numerous motions.[2] For the reasons below, the Court:

- **grants in part** Defendant's Motion in Limine [200] regarding Plaintiff's experts' reports;

- **denies** Defendant's Motion in Limine [201] regarding references to the subject machine as a "tractor;"

- **denies as moot** Defendant's Motion in Limine [202] as to certain standards and regulations; and

---

[1]*See Thomas v. Barnett*, No. 2:15-CV-2-KS-MTP, 2015 U.S. Dist. LEXIS 181554, at *2-*5 (S.D. Miss. May 15, 2015).

[2]*See, e.g. Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 154774 (S.D. Miss. Nov. 8, 2016) (granting in part and denying in part Defendant's motion to exclude the testimony of Thomas Berry); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 154099 (S.D. Miss. Nov. 7, 2016) (granting Defendant's motion to exclude the testimony of Edward Karnes); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128002 (S.D. Miss. Sept. 20, 2016) (granting in part and denying in part Defendant's motion to exclude the testimony of Nathaniel Fentress); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128003 (S.D. Miss. Sept. 20, 2013) (granting in part and denying in part Defendant's motion to exclude certain testimony by Molly Struble); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114 (S.D. Miss. Sept. 11, 2016) (denying Defendant's motion to exclude the testimony of Dr. Philip Blount); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 117312 (S.D. Miss. Aug. 31, 2016) (denying Plaintiff's motion for sanctions for alleged spoliation of evidence).

- **denies as moot** Defendant's Motion in Limine [206] as to dissimilar machinery and/or machinery manufactured after the subject machine.

## A.  Expert Reports [200]

Defendant argues that the Court should prohibit the introduction of Plaintiff's experts' reports into evidence at trial. In response, Plaintiff represents that he does not intend to offer his experts' reports, except for certain charts related to his life care plan and the various elements thereof. The Court **grants** this motion **in part**. Specifically, it is granted as unopposed, except with respect to Molly Struble's life care plan chart and the chart prepared by Stan Smith, Plaintiff's economist. If Defendant has any objections to those particular exhibits, the Court will address them at trial.

## B.  References to Mower as a "Tractor" [201]

Defendant argues that Plaintiff, his witnesses, and his counsel should be prohibited from referring to the subject lawn mower as a "tractor." Deere contends that the machine which is the subject of this case is a "zero turn mower" or a "residential riding lawn mower," rather than a "tractor." In response, Plaintiff observes that the machine's own operator's manual refers to it as a "lawn tractor."

The Court believes that members of the jury pool will, in their own experience, know the difference between a large, agricultural tractor and a lawn mower. There is little to no danger that this issue will confuse the jury or prejudice Defendant's case. Even if there were such a danger, Defendant will have the opportunity to address the issue when it presents its own evidence and cross-examines Plaintiff's witnesses. This

motion is **denied**.

C.   *References to Inapplicable Standards [202]*

Defendant argues that the Court should exclude evidence related to certain regulations and standards on the basis that they are inapplicable to the machine which is the subject of this case. Plaintiff apparently intends to present evidence of other standards for the purpose of demonstrating that a machine without a roll over protection system ("ROPS") is defective and unreasonably dangerous, and that a ROPS can be incorporated in a mower's design without impairing its utility, usefulness, practicality, or desirability.

It appears that this issue is moot insofar as it pertains to Plaintiff's design defect claim, and the Court granted Defendant's Motion for Summary Judgment [136] as to that claim. Accordingly, the motion is **denied as moot**. If the parties wish to address the issue further at trial, in the event that Plaintiff seeks to present evidence implicated by this motion, they may do so.

D.   *Dissimilar Machinery/Machinery Manufactured Later [206]*

Defendant argues that the Court should exclude Plaintiff from referring to or presenting any evidence of 1) machinery dissimilar to the subject lawn mower, and 2) machinery manufactured after the date on which the subject mower was manufactured. Defendant believes that Plaintiff intends to use such evidence to demonstrate that ROPS were offered as standard or optional equipment on machines dissimilar to the one which is the subject of this case, and on similar machines manufactured later than the one in this case.

In response, Plaintiff argues that evidence of machines manufactured later is admissible to show the feasibility, practicality and/or safety of alternative designs, i.e. machines with ROPS. Plaintiff also argues that evidence of purportedly dissimilar machines is admissible for the same purposes.

It appears that this issue is moot insofar as it pertains to Plaintiff's design defect claim, and the Court granted Defendant's Motion for Summary Judgment [136] as to that claim. Accordingly, the motion is **denied as moot**. If the parties wish to address the issue further at trial, in the event that Plaintiff seeks to present evidence implicated by this motion, they may do so.

SO ORDERED AND ADJUDGED this 14th day of November, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE