## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

RICKY BARNETT                                                   **PLAINTIFF**

**V.**                             **CIVIL ACTION NO. 2:15-CV-2-KS-MTP**

**DEERE & COMPANY**                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

The Court previously discussed the background of this case,[1] and it already addressed numerous motions.[2] The Court now **grants in part, denies in part, and reserves ruling in part** on Defendant's Omnibus Motion in Limine [204].

---

[1] *See Thomas v. Barnett*, No. 2:15-CV-2-KS-MTP, 2015 U.S. Dist. LEXIS 181554, at *2-*5  (S.D. Miss. May 15, 2015).

[2] *See, e.g.* Memorandum Opinion and Order, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. Nov. 14, 2016) (addressing various motions in limine), ECF No. 223; Memorandum Opinion and Order, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. Nov. 14, 2016) (denying motion to exclude Defendant's expert), ECF No. 222; *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 156218 (S.D. Miss. Nov. 10, 2016) (granting in part and denying in part motion for summary judgment); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 154774 (S.D. Miss. Nov. 8, 2016) (granting in part and denying in part Defendant's motion to exclude the testimony of Thomas Berry); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 154099 (S.D. Miss. Nov. 7, 2016) (granting Defendant's motion to exclude the testimony of Edward Karnes); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128002 (S.D. Miss. Sept. 20, 2016) (granting in part and denying in part Defendant's motion to exclude the testimony of Nathaniel Fentress); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128003 (S.D. Miss. Sept. 20, 2013) (granting in part and denying in part Defendant's motion to exclude certain testimony by Molly Struble); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114 (S.D. Miss. Sept. 11, 2016) (denying Defendant's motion to exclude the testimony of Dr. Philip Blount); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 117312 (S.D. Miss. Aug. 31, 2016) (denying Plaintiff's motion for sanctions for alleged spoliation of evidence).

**A.**     ***Duty to Read and Heed Warnings and Instructions***

First, Defendant argues that Plaintiff should be prohibited from arguing or offering evidence that an operator is statistically unlikely to read an operator's manual or that Plaintiff did not have a duty to read and heed warnings and instructions. In response, Plaintiff argues that the omission and/or inadequacy of Defendant's warnings of the specific hazard of roll over is a question of fact for the jury.

Plaintiff may not argue or introduce any testimony or other evidence that he had no duty to read and/or heed warnings or instructions provided by Defendant. Mississippi law provides that "[w]here warning is given, the seller may reasonably assume that it will be read and heeded . . . ." *Rogers v. Elk River Safety Belt Co.*, No. 1:95-CV-115-D-D, 1996 U.S. Dist. LEXIS 21600, at *6 (N.D. Miss. Sept. 1996); *see also Austin v. Will-Burt Co.*, 361 F.3d 862, 868 (5th Cir. 2004) ("A warning may be held adequate as a matter of law where the adverse effect that was ultimately visited upon the patient was one that the manufacturer specifically warned against."); *Cather v. Catheter Technology Corp.*, 753 F. Supp. 634, 640 (S.D. Miss. 1991); *3M Co. v. Johnson*, 895 So. 2d 151, 166 (Miss. 2005) (where there was no evidence that plaintiff read or relied on any warning, no proximate causation for warning defect claim).

However, the efficacy of Defendant's warnings and instructions is relevant insofar as Plaintiff must prove that the defect in Defendant's warnings and instructions proximately caused his damages. MISS. CODE ANN. § 11-1-63(a)(iii). Therefore, the Court reserves ruling on any further evidence or testimony regarding

the efficacy of Defendants' warnings/instructions. The Court will address Defendant's objections on a case-by-case basis at trial, after it has had an opportunity to hear the specific evidence.

### B.     Third Party Interpretation of Deere Documents

Next, Defendant argues that the Court should exclude all evidence which includes interpretations or opinions as to the intentions, state of mind, and/or knowledge of the authors and/or recipients of Defendant's internal documents. Defendant failed to make more specific arguments as to particular documents or particular testimony.

The Court presently denies this request. Defendant may lodge specific objections on a case-by-case basis at trial, when the Court can consider the documents at issue, the testimony to be offered by Plaintiff's witness, the foundation laid by Plaintiff for introduction of the testimony, and/or any additional factors relating to the testimony's admission within the context of the trial.

### C.     Moral/Ethical Obligations

Defendant argues that the Court should exclude all testimony regarding its alleged moral and/or ethical obligations to consumers. Plaintiff represents that he does not intend to offer such evidence. Therefore, the Court grants the request as unopposed.

Defendant also argues that the Court should exclude any testimony or evidence that its actions rise to the level required for imposition of punitive damages, and that its actions were malicious and/or grossly negligent. Plaintiff agrees that such testimony

3

by lay witnesses should not be introduced during the liability/compensatory damages phase of trial, but he contends that such evidence is relevant to establishing Defendant's liability in comparison with his own alleged comparative negligence.

The MPLA includes no requirement of willfulness, maliciousness, and/or gross negligence to establish liability for a warning defect. *See* MISS. CODE ANN. § 11-1-63; *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 156218 (S.D. Miss. Nov. 10, 2016) (discussing requirements for warning defect claim). And Plaintiff agrees that evidence that is relevant only to his punitive damages claim should not be introduced during the liability/compensatory damages phase of trial. Therefore, the Court presently grants this aspect of Defendant's motion, but if Plaintiff wants to make more specific arguments at trial, he may do so.

## D.    *Prior Motions and Rulings*

Defendant argues that the Court should exclude all evidence, testimony, and argument regarding its various evidentiary motions. Plaintiff does not object, as long as the prohibition applies to both parties. The Court grants this aspect of Defendant's motion. Neither party may offer evidence, testimony, or argument regarding any motions that have been filed by either party.

## E.    *Absent or Unavailable Witnesses*

Defendant argues that the Court should exclude any mention or suggestion regarding the probable testimony of any witness who is absent, unavailable, or not called to testify. Defendant further argues that the Court should exclude any comments regarding any party's failure to call any person as a witness that is equally available

4

to both parties. Plaintiff has no objection, as long as the prohibition applies to both parties. Therefore, this aspect of the motion is granted, and the prohibition applies to both parties.

## F. *Settlement Negotiations*

Deere argues that the Court should exclude any mention of mediation, offers to compromise or settle any claim, or any statements made in connection with mediations, settlement, or settlement offers. Plaintiff does not object, as long as the prohibition applies to both parties. Therefore, this aspect of the motion is granted, and the prohibition applies to both parties.

## G. *Deere's Counsel*

Finally, Deere argues that the Court should exclude any evidence, argument, or mention of various facts related to its counsel and their law practice. Plaintiff does not object, as long as the prohibition applies to both parties. Therefore, this aspect of the motion is granted, and the prohibition applies to both parties.

SO ORDERED AND ADJUDGED this 15th day of November, 2016.

    /s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE