## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

RICKY BARNETT                                              **PLAINTIFF**

V.                              **CIVIL ACTION NO. 2:15-CV-2-KS-MTP**

DEERE & COMPANY                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

The Court previously discussed the background of this case,[1] and it already

addressed numerous motions.[2] The Court now **grants in part, denies in part, and**

**reserves ruling in part** on Plaintiff's Omnibus Motion in Limine [204].

---

[1] *See Thomas v. Barnett*, No. 2:15-CV-2-KS-MTP, 2015 U.S. Dist. LEXIS 181554, at *2-*5  (S.D. Miss. May 15, 2015).

[2] *See, e.g.* Memorandum Opinion and Order, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. Nov. 14, 2016) (addressing various motions in limine), ECF No. 223; Memorandum Opinion and Order, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. Nov. 14, 2016) (denying motion to exclude Defendant's expert), ECF No. 222; *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 156218 (S.D. Miss. Nov. 10, 2016) (granting in part and denying in part motion for summary judgment); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 154774 (S.D. Miss. Nov. 8, 2016) (granting in part and denying in part Defendant's motion to exclude the testimony of Thomas Berry); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 154099 (S.D. Miss. Nov. 7, 2016) (granting Defendant's motion to exclude the testimony of Edward Karnes); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128002 (S.D. Miss. Sept. 20, 2016) (granting in part and denying in part Defendant's motion to exclude the testimony of Nathaniel Fentress); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 128003 (S.D. Miss. Sept. 20, 2013) (granting in part and denying in part Defendant's motion to exclude certain testimony by Molly Struble); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114 (S.D. Miss. Sept. 11, 2016) (denying Defendant's motion to exclude the testimony of Dr. Philip Blount); *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 117312 (S.D. Miss. Aug. 31, 2016) (denying Plaintiff's motion for sanctions for alleged spoliation of evidence).

**A.      *Comments by Opposing Counsel***

First, Plaintiff argues that the Court should bar Defendant's counsel from making any statements during closing argument to the effect of: "This may be the last time I see you because your job is done if you check the liability box 'no.'" Plaintiff contends that such statements would suggest to the jurors that they may shirk their obligation to consider the evidence and decide the case according to the law. In response, Defendant argues that it must be allowed to explain the verdict form to the jury, and that such an explanation is not advising the jury to shirk their duty, as Plaintiff claims.

The Court agrees with Defendant. In the Court's experience, jurors often need detailed instructions on how to complete a verdict form. In fact, this Court's standard practice is to present the jury with a series of interrogatories, with instructions following each question as to how to proceed depending on their answer. The Court routinely instructs jurors that they are finished if they answer "no" to the first question on the verdict form. These instructions are not encouragements to disregard the law, as Plaintiff contends. Rather, they are accurate statements of the law, insofar as the jury must not consider damages and other secondary questions if it does not render a verdict in the plaintiff's favor as to liability. Furthermore, the Court also instructs the jury to consider all of the evidence presented during trial, and to follow each of the instructions given by the Court. And the "jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234, 120 S. Ct. 727, 145 L. Ed. 2d 727 (2000). The Court denies this part of Plaintiff's motion.

2

**B.**      *Switch Bypassed*

Plaintiff argues that the Court should exclude all evidence that the operator presence switch in the mower's seat had been bypassed prior to the accident. Plaintiff contends that such evidence is irrelevant to the facts at issue, as it has no bearing on the rollover which caused his injuries. Plaintiff also contends that it would be more misleading than probative. In response, Defendant argues that it does not intend to offer evidence of the bypassed switch to prove that it contributed to the roll over. Rather, Defendant intends to offer evidence of the bypassed switch to impeach the testimony of Plaintiff's expert, Thomas Berry. Berry apparently did not notice or recognize that the switch has been bypassed, and Defendant contends that this failure illustrates the lack of precision in his methodology and opinions.

The Court grants this request in part and denies it in part. Defendant may not present any evidence regarding who bypassed the operator presence switch. Likewise, Defendant's counsel may not make any suggestions or insinuations regarding who bypassed the switch. However, Defendant may elicit testimony from Berry as to whether he noticed that the switch had been bypassed. In the Court's opinion, such testimony would not prejudice Plaintiff, insofar as Plaintiff will have the opportunity on redirect to clarify the issue.

**C.**      *Other Safety Devices*

Plaintiff argues that the Court should exclude all evidence regarding safety devices installed on Defendant's lawn mowers that are not related to roll over prevention as such evidence is irrelevant to the issues before the jury. In response,

3

Defendant argues that it can not address the specific design issues in this case without discussing the complete design of the machine. Defendant contends that other safety features of the mower influenced its engineers' decision to not include a roll over protection system ("ROPS").

This issue appears to be moot insofar as the Court granted Defendant's Motion for Summary Judgment [136] as to Plaintiff's design defect claim. Accordingly, the Court denies this request as moot. If, for some reason, Defendant does intend to offer such evidence at trial, the Court will address Plaintiff's objection at that time.

**D.**    ***Ownership of Other Mower***

Plaintiff argues that the Court should exclude any evidence that Dennis Thomas's son, Mendel Thomas, owns a Bad Boy brand zero turn mower. Defendant has no intention of offering such evidence, unless Plaintiff attempts to offer evidence or otherwise discuss dissimilar mowers. The Court has not yet addressed Defendant's Motion in Limine [198] regarding dissimilar machines and incidents. However, the Court presently grants this part of Plaintiff's motion as unopposed, with the caveat that Defendant may raise the issue again at trial if the Court's eventual ruling regarding dissimilar machines and incidents alters its position.

**E.**    ***Storage of Mower***

Plaintiff argues that the Court should exclude any evidence that the shed where Dennis Thomas stored the subject mower was littered with empty beer cans. Plaintiff contends that evidence of the beer cans is irrelevant, and that it would be more prejudicial than probative. In response, Defendant contends that it should be permitted

4

to discuss where the mower was stored insofar as adding a ROPS would have altered the machine's height, and its height could affect its utility, desirability, and safety.

This issues appears to be moot insofar as the Court granted Defendant's Motion for Summary Judgment [136] as to Plaintiff's design defect claim. Nevertheless, the Court grants this request in part and denies it in part. Defendant may not present any evidence of the beer cans in the shed. Such evidence would be more prejudicial than probative because Defendant does not allege that Plaintiff operated the mower while under the influence of alcohol. However, if it is relevant to any issue remaining in the case, Defendant may present evidence of the shed where the mower was stored, as long as it does not reveal the presence of the beer cans. The Court notes that Plaintiffs' exhibit includes two photos – one that shows beer cans, and one that does not. *See* Exhibit C to Memorandum in Support of Motion in Limine, *Barnett v. Deere & Co.*, No. 2:15-CV-2-KS-MTP (S.D. Miss. November 2, 2016), ECF No. 205-3.

## F.    *Absence of Similar Incidents*

Plaintiff argues that the Court should exclude any evidence or argument that Defendant has had few, if any, roll overs of this particular model of lawn mower. Plaintiff contends that such evidence would be misleading to the jury. The Court denies this part of Plaintiff's motion. The Fifth Circuit has noted that while evidence of no prior accidents "may not be ideal, the sufficiency of foundation evidence from case to case and must be determined by an exercise of the trial court's discretion." *Fisher v. R.D. Werner Co., Inc.*, 1 F.3d 1236, 1993 WL 309740, at *4 (5th Cir. 1993). But if a plaintiff opens the door by offering evidence of prior accidents, a district court does not

abuse its discretion in admitting "rebuttal testimony in the form of sales summaries of similar machines used under similar circumstances, and of the number or reported accidents, if any." *Id.* Therefore, Defendant will be permitted an opportunity to lay a foundation for testimony that there have been no or few incidents similar to this one. Moreover, if Plaintiff opens the door by admitting evidence of prior accidents – as the record indicates Plaintiff intends to do – then Defendant will be permitted to provide appropriate rebuttal testimony.

## G.   *Exclusion of Experts*

Plaintiff argues that the Court should exclude any evidence that his experts have been excluded in other cases. Defendant represents that it does not intend to introduce such evidence. Therefore, the Court grants this part of Plaintiff's motion as unopposed.

## H.   *Dennis Thomas's Opinion Re: Fault*

Plaintiff argues that the Court should exclude the opinions of his uncle, Dennis Thomas, regarding the allocation of fault for the accident which is the subject of this case. Plaintiff argues that such testimony is irrelevant, and that Thomas lacks personal knowledge sufficient to offer it. In response, Defendant argues that it should be permitted to elicit testimony from Thomas regarding the factual basis for his lawsuit against Plaintiff,[3] insofar as such testimony is relevant to the issues before the Court. Defendant also argues that evidence of the subsequent settlement of Thomas's

---

[3] *See Thomas*, 2015 U.S. Dist. LEXIS 181554 at *2-*5.

claim is admissible to demonstrate his bias.

The Court is skeptical as to the probative value of Thomas's testimony on this issue. Defendant wants to present testimony from Thomas regarding the factual basis for his suit against Plaintiff, but it also wants to present evidence of the settlement to demonstrate Thomas's bias in favor of Plaintiff. In other words, Defendant apparently anticipates a need to impeach the very testimony it wants to introduce. Nevertheless, the Court will reserve ruling on this issue until trial, after Defendant has the opportunity to lay a foundation for the testimony outside the presence of the jury. The Court also notes that neither party has addressed the requirements for the introduction of lay opinions under Rule 701, which would likely be implicated by this testimony.

## I.    *Theft of Gift Cards*

Plaintiff argues that the Court should exclude any evidence that he allegedly stole gift cards while an employee at Target in 2012. Plaintiff contends this evidence is irrelevant, highly prejudicial, and inadmissible pursuant to Rules 403 and 404. In response, Defendant argues that Plaintiff put his work history in issue by claiming lost earning capacity. Plaintiff's expert, Stan Smith, intends to testify that Plaintiff would have been promoted to a higher-paying supervisory position but for the lawn mower accident. Defendant argues that it is not offering the evidence "to prove that on a particular occasion [Plaintiff] acted in accordance with" any character trait. Fed. R. Evid. 404(a)(1). Rather, Defendant contends that the evidence is offered to oppose Plaintiff's claim of lost earning capacity.

If Plaintiff opens the door by putting Plaintiff's earning capacity in issue, then Defendant may introduce testimony relevant to that issue, including Plaintiff's full work history. If Plaintiff wishes, the Court will give the jury a limiting instruction concurrent with any testimony regarding the work violation at Target to mitigate any undue prejudice that may accrue from the evidence. The Court also notes that Plaintiff represented in briefing that Plaintiff denied the allegations of theft, that he was never charged, and that he was given a favorable performance review and raise a few months after the incident. Plaintiff may elicit such testimony on direct examination or redirect, further mitigating any unfair prejudice.

## J.   *Collateral Source Evidence*

Plaintiff argues that the Court should exclude all evidence and argument regarding other services, funds, or insurance which have been available to him for medical and related services, citing the collateral source rule. Defendant argues that Plaintiff's motion is overbroad, and that it should be permitted to offer relevant evidence of collateral sources for certain permissible purposes.

The Court reserves ruling on this issue until the parties present an argument concerning a specific payment, service, or collateral source. For counsel's reference, however, the collateral source rule provides that "a tort feasor is not entitled to have the damages for which he is liable reduced by proving that an injured party has received compensation from a collateral source wholly independent of the tort feasor." *Preferred Risk Mut. Ins. Co. v. Courtney*, 393 So. 2d 1328, 1332 (Miss. 1981). The collateral source rule does not prevent a defendant from offering evidence of

8

compensation from collateral sources for a purpose other than reducing his own liability, such as impeachment or demonstrating causation. *Ernestine v. Hi-Vac LLC*, No. 2:15-CV-23-KS-MTP, 2016 U.S. Dist. LEXIS 141290, at *3-*4 (S.D. Miss. Oct. 12, 2016) (defendant permitted to introduce collateral source evidence if plaintiff testified about difficulty in paying medical bills, and to demonstrate causation of plaintiff's injury); *Robinson Prop. Group, LP v. Mitchell*, 7 So. 3d 240, 244-45 (Miss. 2009).

## K.   *Past Medical Care/Treatment*

Plaintiff argues that the Court should exclude all evidence of past medical care or treatment unrelated to the injuries he sustained in the accident which is the subject of this case. In response, Defendant represents that it currently has no intention of offering such evidence, but that it should not be prohibited from doing so if the door is opened at trial. The Court presently denies this part of Plaintiff's motion, but the parties may raise the issue on a case-by-case basis at trial.

## L.   *Retention of Counsel*

Plaintiff argues that the Court should exclude all evidence regarding when, where, why, and how Plaintiff employed counsel in this case. In response, Defendant argues that such information may be relevant for impeachment of Plaintiff's physician, Philip Blount, insofar as Dr. Blount purportedly changed his medical opinions after being contacted by Plaintiff's counsel.

The Court denies this part of Plaintiff's motion, for the same reasons provided in *Ernestine*, 2016 U.S. Dist. LEXIS 141290 at *11. If Plaintiff's physician altered his medical opinions after being contacted by Plaintiff's counsel, that is relevant to the

physician's credibility.

## M.    *Attacks on Counsel/References to Tort Reform*

Plaintiff argues that the Court should exclude all references, suggestions, argument, or evidence attacking the court system, plaintiffs' attorneys, or tort reform once *voir dire* has been completed. Defendant has no objection, and the Court grants this part of Plaintiff's motion as unopposed.

## N.    *Appeal for Forgiveness/Sympathy*

Plaintiff argues that the Court should bar Defendant's counsel from expressing regret, making apologies, or asking for forgiveness on behalf of Defendant. Plaintiff contends that such statements will encourage the jury to disregard the law and base its verdict on improper considerations. Deere represents that it does not intend to apologize or ask forgiveness, as it contests liability. Deere argues that it should be permitted to explain its concern and regret over all accidents involving its products, as it prioritizes product safety.

The Court denies this part of Plaintiff's motion. Defendant's expression of concern and regret for those injured by its products is not an invitation to nullify the law. Even if such statements could reasonably be construed as encouragement of nullification, the Court will thoroughly instruct the jury as to its duties under the law, including an instruction that bias, prejudice, and sympathy should not govern the jury's decision. And the Court presumes that the jury will follow its instructions. *Weeks*, 528 U.S. at 234.

## O.    *Vouching for Defendant*

Finally, Plaintiff argues that the Court should bar Defendant's counsel from expressing pride or gratitude in representing Defendant. In response, Defendant argues that its attorneys should be permitted to introduce their client and express gratitude in representing it.

The Court denies this part of Plaintiff's motion, but it assures Plaintiff that the undersigned judge does not waste time during trial nor permit counsel to do so. The Court trusts that the counsel of record will conduct themselves appropriately.

SO ORDERED AND ADJUDGED this 16th day of November, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE